IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CR 417 - 14 |
| | ) | |
| ALFRED L. WOLFF GMBH et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge.

On August 31, 2010, a federal grand jury returned a forty-four count Indictment charging Defendant Alfred L. Wolff, Inc. ("ALW" or "Defendant") and others with fraudulently avoiding nearly $80 million in customs duties on honey that Defendant and others imported into the United States from 2002 to 2009. Specifically, Count I charges Defendant and others with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, by (i) unlawfully importing Chinese-origin honey; (ii) selling and facilitating the transportation and sale of Chinese-origin honey knowing that it had been unlawfully imported; (iii) introducing and delivering adulterated honey into interstate commerce; and (iv) obstructing an investigation by the U.S. Department of Commerce, in violation of 18 U.S.C. §§ 542, 545 and 21 U.S.C. §§ 331(a), 333(a)(2), 342(a)(2)(C)(i), and 348(a). The remaining counts in the Indictment charge Defendant and others with the individual offenses underlying the conspiracy charges.

Presently before the Court is Defendant's Motion to Compel Production of Documents pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure. (R. 163.) For the reasons set forth below, the Court denies Defendant's motion.

**I.  Background**

On May 5, 2009, prior to the grand jury's return of the Indictment in this case, the United States Attorney's Office for the Western District of Washington filed a criminal complaint against Chung Po Liu, among others.  (R. 163, Def.'s Mot., Ex. D, *United States v. Liu*, No. 09-cr-185 (W.D. Wash.).)  In *Liu*, the government alleged that the defendants in that case imported Chinese-origin honey to the United States via the Philippines and Thailand, and falsely declared the origin of the imported honey to United States Customs officials.  On February 12, 2010, the defendants in *Liu* filed a motion to suppress on the basis of the Supreme Court's decision in *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978) (holding that intentionally or recklessly submitting false statements in an affidavit supporting a search warrant violates the Fourth Amendment).  Pursuant to a protective order entered by the United States District Court for the Western District of Washington, the parties in *Liu* filed their briefing materials under seal.  Following a *Franks* hearing on April 1-2, 2010, the district court in Washington denied the *Liu* defendants' motion to suppress.

**II.  Legal Standard**

Rule 16 of the Federal Rules of Civil Procedure governs pretrial discovery and inspection in federal criminal proceedings.  The Rule provides in relevant part that, upon a defendant's request:

> the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> > (i) the item is material to preparing the defense;
> > (ii) the government intends to use the item in its case-in-chief at trial; or
> > (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E); *see also United States v. Baker*, 453 F.3d 419, 424 (7th Cir. 2006). As the Seventh Circuit has held, the Rule "requires the production of inculpatory as well as exculpatory evidence, which might assist in preparation of a defense." *Baker*, 453 F.3d at 424 (citations omitted). This Court has broad discretion in its implementation of Rule 16. *See id.*

**III.    Discussion**

In the present case, Defendant asks the Court to "compel the production of pleadings filed under seal by the defendant, at the government's request, in [*Liu*]." (Def.'s Mot. at 1.) The materials that Defendant seeks apparently include an expert report that the *Liu* defendants annexed to their pleadings. On January 6, 2012, pursuant to this Court's order, the government filed, *ex parte* and under seal, the documents that Defendant requests. The Court has reviewed the documents *in camera.* Based on this review, and in light of the record and the applicable law, the Court denies Defendant's motion.

As a preliminary matter, Defendant delayed significantly in bringing the present motion to compel. More than six months ago, in response to Defendant's request, the government represents that it produced a substantial number of documents, including (1) "719 pages of underlying documents, data, and related material regarding the Bureau of Customers and Border Protection's (CBP) Honey Testing Program . . . . the very same documents that were provided under seal in [*Liu*];" (2) "CBP lab test results pertaining to the nine honey samples identified in [] the original search warrant;" and (3) "a redacted copy of a declaration from Carson A. Watts, the Director of CBP's Laboratory in Savannah, Georgia, which was prepared and filed in connection with the *Liu* prosecution in Seattle." (R. 165, Gov't Resp. at 1-2.) Defendant continued to seek additional records after the government's production, namely the defendants'

3

sealed pleadings in *Liu*, which contain attorney argument and expert opinion going to the issue of probable cause in *Liu*. At a status conference on June 13, 2011, the Court advised Defendant to file a motion if the government refused to produce the remaining documents. (R. 163, Ex. C, 6/13/11 Tr. at 5 (defense counsel "agree[ing]" with the Court that Defendant is "going to have to file a motion on this"); *see also* R. 148 (granting Defendant leave to file a motion by August 8, 2011).) Defendant did not do so until December 6, 2011.

Notwithstanding this delay, Defendant argues that the "requested documents will help establish that the government did not have a good faith basis to believe that there was probable cause to obtain search warrants in this case because of the government's unscientific test methods and incomplete databases." (Def.'s Mot. at 1.) The Court disagrees. A review of these documents does not support Defendant's assertion. The government's prosecution of the *Liu* defendants is completely unrelated to the present prosecution of Defendant. Nothing suggests that the government in this case has relied on any materials or facts from *Liu* in furtherance of the present prosecution. *Cf. Oliver v. United States*, 335 F.2d 724, 730 (D.C. Cir. 1964) (finding lack of probable cause, where the government relied exclusively on a warrant in an unrelated case as probable cause to arrest). Because probable cause requires an individualized inquiry based on the specific facts of each case, and in the absence of any connection between this case and *Liu*, the materials that Defendant seeks can have no bearing whatsoever on the issue of probable cause in this case. *See, e.g.*, *Maryland v. Pringle*, 540 U.S. 366, 373, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003) ("Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person.") (internal quotation marks and citations omitted). As such, the requested documents are plainly irrelevant

and immaterial.[1]

Defendant cannot manufacture relevance by showing a similarity of legal strategy, or charged offenses, between two completely unrelated criminal prosecutions. There is no suggestion that the present case has any factual overlap with *Liu*, or that the cases have any relationship at all, again rendering the requested documents irrelevant. *See, e.g.*, *United States v. Baker*, 453 F.3d 419, 424-25 (7th Cir. 2006) (affirming conclusion that evidence relating to a gun's history that the government developed in an unrelated, and ongoing criminal investigation, is irrelevant to the felon in possession charge at issue). *Accord United States v. Pereda-Aleman*, 57 F.3d 1081 (10th Cir. 1995) (table) (holding that district court did not err in refusing to "admit opinion testimony which was not related to the facts of his case," but was instead based on the facts of unrelated cases involving the same type of allegations); *Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986) (striking portions of an appellee brief "that contain a copy of a criminal indictment in another, unrelated case" as "not relevant"); *United States v. Killian*, 639 F.2d 206, 210-11 (5th Cir. 1981) (holding that sealed records in an unrelated case "are totally irrelevant to the instant case," and therefore the district court did not err in refusing to order their disclosure); *S.E.C. v. Retail Pro, Inc.*, No. 08-cv-1620, 2011 WL 4507013, at *4 (S.D. Cal. Sept. 28, 2011) ("[The expert's] opinion regarding a defendant's mental state or lack of fraud in an

---

[1] Additionally, the court in *Liu*, following a *Franks* hearing, rejected the *Liu* defendants' assertion of bad faith. (*See* R. 165, Ex. 4, *United States v. Liu*, Tr. at 13 ("[A]s a result of the material which has been submitted, which includes the briefing that has been submitted, the statements presented by both the government and the defense, the direct examination, which consists of those statements, and the cross-examination, as well as the arguments of counsel, I find that Mr. Liu has not sustained his burden to establish by a preponderance of the evidence that the government officials either made false statements knowingly and intentionally or with reckless disregard for the truth or, alternatively, made deliberate or reckless omissions of material facts that would tend to mislead.").) Defendant's argument in this case that the *Liu* materials, even if relevant, show bad faith is thus pure speculation.

unrelated case was not relevant or permissible."); *Skyward Bound Ranch v. City of San Antonio*, No. 10-CV-0316, 2011 WL 2162719, at *4 (W.D. Tex. June 1, 2011) (holding that certain proffered expert "documents are irrelevant in this case because they were prepared for an unrelated case"); *Wiggins v. Clark*, No. 09-cv-00613, 2009 WL 2997686, at *1 (E.D. Cal. Sept. 19, 2009) (denying discovery into actions by the state governor in unrelated cases on the basis that any prior actions are "completely irrelevant" to the constitutional claims against the governor in the present case) (habeas); *Waris v. HCR Manor Care*, No. 07-3344, 2009 WL 330990, at *17 (E.D. Pa. Feb. 10, 2009) (holding that evidence from an unrelated case involving different parties was not relevant to the present case); *Harris v. Freedom of Info. Unit Drug Enforcement Admin.*, No. 06-CV-176, 2006 WL 3342598, at *2 (N.D. Tex. Nov. 17, 2006) ("These unauthenticated documents allegedly from an unrelated case in another jurisdiction are not relevant and are inadmissible . . . .").

Defendant relies primarily on *United States v. George*, 786 F. Supp. 11, 15 (D.D.C. 1991), to support his request for production, but that case, from another district, is readily distinguishable. In *George*, the United States District Court for the District of Columbia considered a discovery request by a defendant in one of many separate criminal prosecutions arising out of the Iran-Contra Affair. The defendant in *George* sought to compel the government to produce "classified" pleadings filed in two other prosecutions connected to the Iran-Contra Affair. *Id.* The court granted the defendant's request for production.

In contrast to the present case, the pleadings that the defendant sought to obtain in *George* were from cases that arose out of the Justice Department's Iran-Contra investigation, and that were prosecuted, as in *George*, by the Office of the Independent Counsel. *Id.* at 14. The

6

indictment in *George* specifically referenced actions of the defendants in other cases, and, as the court found, "there is no doubt that the transactions which led to the charges are part of the entire series of events known as the Iran-Contra affair." *Id.* In the present case, Defendant's prosecution lacks any connection to *Liu* of the sort that required production in *George*. Unlike *George*, the government here does not "frame its indictment broadly" enough to encompass other prosecutions of honey importers, like *Liu*. *Id.* The Indictment lacks any reference to the *Liu* prosecution or the underlying factual allegations in that case. The prosecutions arise out of different divisions of the U.S. Attorney's Office, and Defendant has not plausibly suggested the existence of any relationship or factual overlap between the cases. Indeed, the Court's review of the requested documents reveals no such relationship.

## IV. Conclusion

Accordingly, because the requested documents are irrelevant and immaterial to the present case, the Court denies Defendant's motion to compel, with prejudice.[2]

**Date:** January 11, 2012

                                        **ENTERED**

                                        *[signature]*

                                        **AMY J. ST. EVE**
                                        **United States District Court Judge**

---

[2]The Court is buttressed in its holding by the undisputed fact that the requested documents are subject to a protective order entered by the United States District Court for the Western District of Washington, to which this Court owes a measure of deference. *See, e.g.*, *E.E.O.C. v. Adesco, Inc.*, No. 09 C 3326, at *1 (N.D. Ill. Jan. 17, 1990) (requiring party seeking to compel sealed documents covered by a protective order of another court to obtain authorization from the original court for production in the subsequent case); 6 Moore's Federal Practice § 26.106 (discussing the high standard required to lift a protective order issued by another court).